IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL NOAH SPOHN,

      Plaintiff,              No. 2:12-cv-00101-LKK-DAD P

   vs.

MAX MUCKLOW, et al.,

      Defendants.        ORDER

_____/

      Plaintiff is an inmate at the Trinity County Jail and is proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.  In Forma Pauperis Application**

      On January 24, 2012, the court ordered plaintiff to submit within thirty days, a completed in forma pauperis application with the certificate portion completed and signed by the authorized jail official or a certified copy of his inmate trust account statement.

      On February 17, 2012, plaintiff submitted his in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's jail trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's jail trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

1  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

2  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

3  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

4  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

5  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

6  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

7  resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8  **III.  Plaintiff's Complaint**

9         In his complaint, plaintiff alleges that while incarcerated at the Trinity County

10  Jail, officer Max Mucklow assaulted him on January 17, 2010, wrote false disciplinary reports

11  charging plaintiff with jail rules violations, and defamed and slandered plaintiff.  Plaintiff also

12  contends that he has submitted complaints, grievances and letters to jail officials concerning

13  defendant Mucklow which "were not properly, let alone ethically and thoroughly, investigated

14  and lawfully acted on, by the prior TCSD's 'Administration' [sic]."  (Doc. No. 1 at 8.)  In

15  addition to defendant Macklow, plaintiff names thirty-nine defendants each of whom are

16  apparently Trinity County Jail employee, as well as the former and current Sheriff of Trinity

17  County, the undersheriff, and other Sheriff Department deputies and detectives.

18  **IV.  Deficiencies with the Complaint**

19         The allegations in plaintiff's complaint are so vague and conclusory that the court

20  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

21  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

22  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

23  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

24  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has

25  failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be

26  dismissed.  The court will, however, grant leave to file an amended complaint so that plaintiff

1   can attempt to allege facts clarify his claim concerning the alleged assault by defendant

2   Mucklow.

3          A.   Assault Claim

4          If he elects to file an amended complaint, plaintiff must allege facts clarifying

5   what his custodial status was at the time of the alleged assault.  In other words, was plaintiff a

6   pretrial detainee awaiting arraignment, a convicted prisoner sentenced to a term of incarceration

7   to be served at the jail, a civil detainee, a parolee being held for parole revocation proceedings, or

8   in some other status at the time of the alleged assault?  Plaintiff's status at the relevant time

9   determines which constitutional amendment applies to his allegations and the legal standard

10  applicable to any excessive use of force claim he is pursuing.[1]  In addition, in any amended

11  complaint plaintiff must allege additional details as to the events preceding the alleged assault,

12  the type of force allegedly used, and the injuries plaintiff suffered as a result..

13         B.   False Disciplinary Reports Issued by Defendant Mucklow

14         As to plaintiff's claim that defendant Mucklow issued false disciplinary reports

15  against him, plaintiff is advised that the due process clause  under the Fourteenth Amendment

16  requires that plaintiff receive written notice of such disciplinary charges and an opportunity to be

17  heard.  See Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974).  Beyond that, there is no federal

18  constitutional right, however, to particular procedures jail disciplinary procedures established by

19  state law or regulations.  See Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986).

20

_____

21         [1]  For example, if plaintiff was a convicted jail inmate, the Eighth Amendment applies
    and whether there is a violation of his constitutional rights depends on whether the force was
22  applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to
    cause harm.  Hudson v. McMillan, 503 U.S. 1, 7 (1992).  For post-arraignment pretrial detainees,
23  the Fourteenth Amendment applies and the court the alleged use of force would be properly
    analyzed based on a reasonableness standard.  Gibson v. County of Washoe, 290 F.3d 1175,
24  1185-86 (9th Cir. 2002).  The factors to be considered under that reasonableness standards are:
    (1) the need for the application of force, (2) the relationship between the need and the amount of
25  force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in
    good faith effort to maintain and restore discipline.  See White v. Roper, 901 F.2d 1501, 1507
26  (9th Cir. 1990).

4

1   Therefore, if plaintiff intends to pursue this claim, in his amended complaint he must identify the

2   rules violation report allegedly issued by defendant Mucklow, explain what disciplinary action

3   was taken, and clarify what procedural due process he is claiming he did not receive.

4       C.  Defamation and Slander Claim

5           Plaintiff is advised that allegations of slander and defamation do not state a

6   cognizable § 1983 claim.  See Paul v. Davis, 424 U.S. 693, 699-702 (1976) (defamation not

7   actionable under § 1983); Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and

8   slander claims precluded by Paul).  Thus, in any amended complaint he elects to file in this civil

9   rights action plaintiff is advised that he should not include his defamation and slander claims.

10      D.  Failure to Investigate Claim

11          Plaintiff contends that the assault by defendant Mucklow upon him has not been

12  thoroughly investigated by jail officials.  Plaintiff is advised that the U.S. Constitution does not

13  require an investigation into prisoner complaints by jail officials.  See Trujillo v. Jacquez, No. C

14  10-05183 JF (PR), 2011 WL 737416 at *1 (N.D. Cal. Feb. 22, 2011) (concluding that plaintiff's

15  allegation that defendant Warden Jacquez violated the Eighth Amendment when he failed to

16  properly investigate, discipline and train the defendants who caused plaintiff harm did not state a

17  cognizable claim); Barkey v. Reinke, No. 1:07-CV-471-S-BLW, 2010 WL 3893897, at *13 (D.

18  Idaho Sept. 30, 2010) (holding that prisoner plaintiff's claim that defendant failed to investigate

19  his allegations of sexual assault failed to state a claim because a public officer does not owe a

20  duty to investigate another person); Kunkel v. Dill, No. 1:09-cv-00686-YNP PC,  2009 WL

21  5029576 at *13 (E.D. Cal. Dec. 15, 2009) (finding that plaintiff failed to state a cognizable claim

22  against defendant health manager Zamora who plaintiff claimed violated his Eighth Amendment

23  rights when defendant failed to properly investigate past wrongdoings by medical staff; "Plaintiff

24  does not have a constitutional right to vindication of his claims against prison officials.");

25  Richardson v. Sullivan, No. 104CVF5394RECDLBP, 2005 WL 2465936 at *6 (E.D. Cal. Jan. 5,

26  2005) (holding that plaintiff's allegation that after his sexual assault defendants failed to properly

1  investigate his allegations may be negligence but fails to state an Eighth Amendment violation).

2  Therefore, in any amended complaint filed in this action plaintiff should not include this claim.

3      E. Deficient Allegations for the Thirty-Nine Defendants

4          As to all named defendants other than defendant Mucklow, the court finds that

5  plaintiff has failed to set forth sufficient factual allegations in his complaint concerning their

6  involvement in the alleged deprivation of his rights.  Plaintiff must allege with at least some

7  degree of particularity overt acts which defendants engaged in that support his claims.  Jones,

8  733 F.2d at 649.  There can be no liability under 42 U.S.C. § 1983 unless there is some

9  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

10  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

11  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official

12  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

13  268 (9th Cir. 1982).

14  **VI. Requirements for Amended Complaint**

15          The court takes judicial notice that plaintiff has initiated two other civil rights

16  actions with this court[2]  In order to avoid duplicative litigation, the court in this action will

17  entertain only plaintiff's claims concerning the alleged assault by defendant Mucklow.  Also, for

18  the reasons explained above, plaintiff should not include in any amended complaint he elects to

19  file in this action his claims concerning false disciplinary reports, defamation and slander, and

20  the failure by jail officials to properly or fully investigate his alleged assault.

21          Plaintiff is informed that the court cannot refer to a prior pleading in order to

22  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

23  complaint be complete in itself without reference to any prior pleading.  This is because, as a

24  _____

25      [2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
803 F.2d 500, 504 (9th Cir. 1986).  Plaintiff's other cases filed with this court are:  Spohn v.

26  Trinity County District Attorney's Office, et al., Case No. 2:12-cv-00565-KJM-CKD P and
Spohn v. Craig, et al., Case No. 2:12-cv-00796-JAM-DAD P.

6

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

2  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

3  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

4  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5  **VII.  Request for Appointment of Counsel**

6      On the form plaintiff has submitted declining to consent to magistrate judge

7  jurisdiction over this action, plaintiff has added a handwritten request for the appointment of

8  counsel.  (Doc. No. 5.)  Plaintiff is advised that any future requests on his part that the court take

9  action must be made by way of formal motion and comply with the Local Rules of this court.

10      As to plaintiff's request, district courts lack authority to require counsel to

11  represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490

12  U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to

13  voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d

14  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

15  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

16  likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims

17  pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965,

18  970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.

19  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law

20  library access, do not establish exceptional circumstances that warrant a request for voluntary

21  assistance of counsel.

22      In light of the court's order that plaintiff's complaint be dismissed with leave to

23  amend in order to allow him the opportunity to clarify his claims, plaintiff's request for

24  appointment of counsel will be denied without prejudice as premature.

25  /////

26  /////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 17, 2012 application to proceed in forma pauperis (Doc. No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff will be assessed an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of this action. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court; plaintiff must answer each question in the form complaint; supplemental pages, exhibits or attachments to the form complaint must not exceed a total of twenty pages; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's February 17, 2012 request for the appointment of counsel (Doc. No. 5) is denied without prejudice.

1    6.  The Clerk of the Court is directed to provide plaintiff with the court's form

2 complaint for a § 1983 action.

3 DATED: September 14, 2012.

4

5                _Dale A. Drozd_

6              DALE A. DROZD

                UNITED STATES MAGISTRATE JUDGE

7 DAD:4
  spoh101.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26